IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALD GORLESKI, :
:
    Plaintiff, :
:
v. : Civil Action No. S-01-2220
:
THE UNITED STATES OF AMERICA, :
:
    Defendant. :
:

...oOo...

## PROPOSED PRETRIAL ORDER

Now come the parties to the above-captioned action, by their undersigned counsel, who file this joint Pretrial Order pursuant to Local Rule 106 and the Court's Order of July 2, 2002.

### A. PLAINTIFF'S STATEMENT OF FACTS

Plaintiff submits that on or about May 29, 1999 at approximately 7:00 a.m., the Plaintiff, Gerald Gorleski, was operating his motor vehicle on Caroline Street at or near its intersection of Fayette Street in Baltimore City, Maryland. Mr. Gorleski was operating a 1987 Nissan 2 door motor vehicle owned by him. Mr. Gorleski was on his way to the Broadway Market on that date and at that location. An employee of the Defendant, John J. Staley, was also operating a motor vehicle, a postal vehicle, on Caroline Street, behind the Plaintiff's vehicle. The Plaintiff, Mr. Gorleski, was attempting to make a right hand turn onto Fayette Street when he was rear-ended by the vehicle operated by the Defendant's employee, Mr. Staley. Mr. Gorleski volunteered his cell phone and Mr. Staley telephoned the postal inspector who arrived on the scene to investigate the accident. The investigator has been identified as James A. Wallace. The investigator report indicates that the postal employee, Mr. Staley, noted that he

took his eyes off of the traffic in front of him at this time and was unable to brake in time to avoid the collision. The Plaintiff's vehicle sustained property damage in the amount of approximately $800.00.

Mr. Gorleski did not request medical treatment at the time. He did note to the postal inspector that he had a sore neck. Mr. Gorleski was concerned regarding the safety of several hundred dollars worth of tools that were contained in his vehicle at the time of the accident as the basis for his declining medical treatment at the scene. Following the accident Mr. Gorleski met with his employees, instructed them regarding the job and then he, Mr. Gorleski, returned to his home. Later that day Mr. Gorleski reported to Greater Baltimore Medical Center because of the physical problems he was having as a result of the injuries suffered in this accident. His primary complaints at the emergency room were pain, spasm and tenderness in his neck, right shoulder and arm. The pain and stiffness had increased since the time of the accident. He was treated and released. Thereafter, from May through July, 1999, Plaintiff received medical care and treatment from Multi-Specialty Healthcare. The total of his medical bills from the date of the accident through his discharge in July of 1999 from Multi-Specialty Healthcare is $2,177.07.

Thereafter, on or about May, 2000, Plaintiff came under the care of Dr. Ashok Krishnaswamy. The Plaintiff's primary complains at that time were increasing pain and discomfort in the left knee. Arthroscopic surgery was performed by Dr. Krishnaswamy and revealed early gouty arthritis of the left knee and a tear of the lateral meniscus of the left knee along with third degree chondromalacia. The Plaintiff continued under the care of Dr. Krishnaswamy and the result of persistent pain in his left shoulder. X-rays and an MRI were ordered by Dr. Krishnaswamy. The MRI revealed a complete tear of the rotator cuff tendon of the left shoulder. Surgery was recommended. Dr. Krishnaswamy prescribed

anti-inflammatory medication for both the knee and shoulder problems.

In August of 2000, Mr. Gorleski reported to Dr. Krishnaswamy problems with his shoulder and left knee as a result of a fall at work. Mr. Gorleski, during the course of his deposition, clarified that the fall occurred most probably in the winter of 1999 or 2000 when he fell on his left side. The Plaintiff was carrying corn and slipped and fell on some ice and snow. The Plaintiff was feeding deer on his property. (Plaintiff's Deposition at page 98). Plaintiff will maintain that he fell because this was during a period of time when he was at home, unable to work, and feeding the deer was one of his daily past-times.

At the time of the accident the Plaintiff was self-employed as a mason/bricklayer. His work was primarily in demolition. The Plaintiff will maintain that as a result of the injuries received in this accident he was unable to complete a contract with the City of Baltimore and sustained a loss of approximately $68,000 (gross). In addition, Plaintiff will maintain that as a result of his inability to complete said project his demolition license for the City of Baltimore was suspended for one year from August 30, 1999 until August 30, 2000. As a result of that loss of license, the Plaintiff was required to change the nature of his business and redirect it toward construction projects as opposed to demolition projects. As a result of the necessity to change the nature and direction of his business, the Plaintiff's income stream was interrupted and he was required to borrow money on his home to the extent of $50,000. In addition, the Plaintiff was without workers compensation and/or health insurance and was required to pay for all of his medical expenses out of pocket.

The Plaintiff alleges medical expenses in the amount of approximately $12,000, loss of gross proceeds of the contract in the amount of $68,000, pain and suffering, and permanent injury. Plaintiff's administrative claim sets forth the amount of $800 for property damage and $500,000 for personal

injury. The Plaintiff will allege that he continues to be symptomatic as to those areas of his body injured in this accident.

## B. DEFENDANT'S STATEMENT OF FACTS

Defendant submits that on Saturday, May 29, 1999, at 7:10 a.m., Gerald Gorleski, 56, was driving his 1987 Nissan Sentra on Fayette Street approaching Caroline Street in Baltimore, Maryland. He was going to meet with employees to work on tearing down an abandoned rowhouse under a city contract. Mr. Gorleski's vehicle was in front of Jack Staley, a city letter carrier, who was driving a long-life vehicle truck en route to deliver mail. Both vehicles were stopped at the traffic light on Fayette Street behind a city bus stopped to allow disembarking. Mr. Gorleski began to go around the bus before the traffic light changed. Mr. Staley followed. The traffic light changed and the bus pulled out in front of Mr. Gorleski, so he stopped suddenly. Mr. Staley attempted to stop, but was unable to do so in time and his vehicle hit the back of Mr. Gorleski's vehicle. The weather was clear and dry. Postal employee Staley admitted in writing that he took his eyes off the car ahead and was therefore responsible for the accident by failing to keep a proper lookout.

Plaintiff did not seek medical attention at the scene. However, he did visit Greater Baltimore Medical Center around 2:30 p.m. the day of the accident complaining of neck pain and pain in his right shoulder and arm. On that date, he had an X-ray. In his form claim, Plaintiff complains of injury to his shoulder, neck, leg and back. During the period from May through July 1999, Plaintiff received medical treatment totaling $2,176.

Much later, Plaintiff had MRIs performed on his left shoulder and knee. He was under the care of Dr. Ashok Krishnaswamy from May 2000 to August 9, 2000. He had arthroscopic surgery on his left

4

knee in May 2000. Further surgery on his left shoulder is recommended. During his deposition, Plaintiff admitted that in the autumn of 1999 he fell on a slippery patch of ice and snow at his six-acre home in rural Baltimore County while feeding the deer.

Plaintiff is self-employed as a small contractor/bricklayer. His administrative claim alleged medicals of about $11,689.91. These medical expenses show that he had surgery on his left knee on May 16, 2000. He has also been diagnosed as needing surgery to repair a torn rotator cuff in his left shoulder. These injuries were the result of his slip and fall on the ice feeding wildlife.

Plaintiff timely filed a Form 95 administrative tort claim on October 11, 2000, claiming $800 in property damages and $500,000 in personal injury damages for a total of $500,800. Plaintiff filed the instant lawsuit on August 3, 2001.

## C. STATEMENTS AS TO ANY COUNTERCLAIM, CROSS CLAIM OR THIRD-PARTY CLAIM

Not applicable.

## D. AMENDMENTS OF THE PLEADINGS

Neither Plaintiff nor Defendant proposes amendment of the pleadings at this time.

## E. ISSUES IN THE PLEADINGS THAT ARE TO BE ABANDONED

Neither Plaintiff nor Defendant abandons any issues in the pleadings at this time.

## F. STIPULATIONS OF FACT/REQUESTED STIPULATIONS OF FACT

1. Plaintiff's Requested Stipulations:

a. The accident occurred on May 29, 1999 at approximately 7:00 a.m. on Caroline Street near its intersection with Fayette Street in Baltimore City.

 b. The Plaintiff Gerald Gorleski was operating a 1987 Nissan on Caroline Street.

 c. John J. Staley was operating a postal vehicle also on Caroline Street immediately to the rear of the Plaintiff's vehicle.

 d. John J. Staley was a letter carrier and as such was an agent, servant, and employee of Defendant, United States of America, at the time of this accident.

 e. The accident occurred on a Saturday.

 f. The road conditions were dry, the road type was blacktop, the visibility was good, and the weather was clear.

 g. The accident was investigated by postal inspector James A. Wallace.

 h. The Plaintiff complained of a sore neck at the scene but refused medical treatment at the time.

 i. Defendant's agent and postal employee, Mr. Staley, admitted in writing that he took his eyes off the car ahead and was therefore responsible for the accident by failing to keep a proper lookout.

Defendant's Response: Defendant agrees to these stipulations with the exception of F(1)(i), to which Defendant will not stipulate.

 2. Defendant's Requested Stipulations:

  1. Plaintiff sustained injuries that necessitated medical treatment due to a slip and fall on ice while he was feeding deer in late 1999 or early 2000. Deposition Transcript pp. 98-101.

6

2. Plaintiff was losing his city contracts due to changes instituted by a new city administration that scrapped the bidding process and ended the award of demolition projects to private contractors. Deposition Transcript pp. 88-89.

Plaintiff's Response: Plaintiff agrees to these stipulations.

## G. DAMAGES CLAIMED OR OTHER RELIEF SOUGHT BY PLAINTIFF

### PLAINTIFF

Plaintiff requests the admission as to the authenticity and genuineness of the medical reports and bills as itemized in Section H(1) of Plaintiff's proposed exhibits. Plaintiff has claimed on Form 95, the Administrative Tort Claim form, $800 in property damage and $500,000 in personal injury damages comprised of medical bills incurred in the amount of $12,000, loss of income and profits, damage to his business, permanent injury, and pain and suffering, past, present and future.

## H. EXHIBITS

1. Plaintiff's Proposed Exhibits:

Motor Vehicle Accident Report designated as Exhibit 2 in Gorleski Deposition of 4/26/2002;

Reports and bills from GBMC Hospital for date of service 5/29/99 in the amount of $178.07;

Reports and bills from Charles Emergency Physicians for date of service 5/29/99 in the amount of $157.00;

Reports and bills from Advanced Radiology for date of service 5/29/99 in the amount of $50.00;

Reports and bills from Eutaw Orthopedic for date of service 5/30/99 in the amount of $35.00;

Reports and bills from Multi-Specialty Healthcare for dates of service 6/2/99 to 7/21/99 in the amount of $440.00;

7

Reports and bills from Multi-Specialty Physical Therapy for dates of service 6/3/99 to 7/23/99 in the amount of $2,176.07;

Reports and bills from American Radiology Associates for dates of service 1/27/00 in the amount of $97.00;

Reports and bills from Ashok Krishnaswamy for dates of service 5/12/00 to 5/12/02 in the amount of $2,325.00;

Reports and bills from Middlebranch Cardiology for dates of service 5/12/00 in the amount of $25.00;

Reports and bills from Harbor Hospital for date of service 5/16/00 in the amount of $2,509.58;

Reports and bill from Harbor View Anesthesiology for date of service 5/16/00 in the amount of $621.00;

Report and bill from Quest Diagnostic for date of service 8/9/00 in the amount of $168.90;

Report and bill from American Radiology for date of service 8/10/00 in the amount of $2,270.00;

Letter of August 25, 1999 addressed to Gerald J. Gorleski from Shawn S. Karimian, Director Construction and Buildings Inspection, City of Baltimore;

Prescription list from Hereford Pharmacy for dates of service 5/1/99 to 8/8/00 in the amount of $1,294.36;

Property Damage Estimate from Body and Fender and Automotive dated 7/21/1999 in the amount of $738.50;

Tax returns for the years 1996 through 2000.

Plaintiff's Proposed Exhibits have all been produced to the Defendant through the discovery

process.

Defendant's Response: The sticking point on this case is the subsequent slip and fall Plaintiff experienced in late 1999. Therefore, Defendant specifically objects to the relevance of Plaintiff's proposed exhibits from Ashok Krishnaswamy and other reports and bills dating from the beginning of Plaintiff's treatment by Ashok Krishnaswamy in May 2000. These exhibits relate to Plaintiff's slip and fall injury during the winter of 1999-2000 and the treatment he received as a result of that fall. These proposed exhibits are in no way related to any injury or medical treatment that Plaintiff received as a result of the May 1999 automobile accident that is the subject of this case.

2. Defendant's Proposed Exhibits:

Defendant will introduce records from the following physician who has medically examined Mr. Gorleski:

Donald I. Saltzman, M.D.
Greenstein, Baitch, Saltzman & Matz, P.A.
116 Slade Avenue
Baltimore, Maryland 21208
410-484-8088

Plaintiff's Response: The Plaintiff has no objection to the Defendant's introduction of records from Dr. Donald I. Saltzman. Pursuant to discussion between counsel for the parties that the parties have entered into a stipulation to submit the reports of the healthcare providers, and examining physician, without the necessity of calling the witness to testify. The parties have stipulated and agreed that the witness, if so appearing and testifying, will testify consistent with the information contained in their written reports, records, and bills. The parties further reserve the right to argue fairness, reasonableness, and causal connection regarding the injuries and damages claimed by the Plaintiff in this

case.

## I. WITNESSES

    1. Plaintiff's Proposed Witnesses:

Mr. Gerald Gorleski

Mrs. Libby Gorleski

John J. Staley, Letter Carrier

James A. Wallace, Supervisor

Defendant's Response:  Defendant has no objection to these witnesses.

    2. Defendant's Proposed Witnesses:

        John J. Staley, Letter Carrier
        United States Postal Service

        James A. Wallace, Supervisor, Customer Services
        United States Postal Service

## J. EXPERTS

The parties will call no expert witnesses in this case, but rather have stipulated to the introduction of the relevant medical records as outlined in the "Exhibits" section above.

## K. DEPOSITIONS

    Plaintiff – none.

## L. OTHER REQUESTED PRETRIAL RELIEF

    None.

## M. OTHER MATTERS ADDED BY THE COURT

    None.

                                        Respectfully submitted,

                                        Thomas M. DiBiagio
                                        United States Attorney

_____    By:  _____
David E. Furrer                                    Larry D. Adams
Seigel, Tully & Furrer                            Assistant United States Attorney
712 Park Avenue
Baltimore, Maryland 21201
410-669-9300

                                                          _____
Attorney for Plaintiff                            Paul E. Soeffing
                                                          Special Assistant United States Attorney
                                                           Md. Fed. Bar No. 025050
                                                           6625 United States Courthouse
                                                           101 West Lombard Street
                                                           Baltimore, Maryland 21201-2692
                                                           410-209-4800

                                                           Attorneys for Defendant


APPROVED this 18TH day of \_\_\_November\_\_\_, 2002.

                                                           _____
                                                           BETH P. GESNER
                                                           United States Magistrate Judge

|  |  |
|---|---|
| _____<br>David E. Furrer<br>Seigel, Tully & Furrer<br>712 Park Avenue<br>Baltimore, Maryland 21201<br>410-669-9300<br><br>Attorney for Plaintiff | Respectfully submitted,<br><br>Thomas M. DiBiagio<br>United States Attorney<br><br>By: _____<br>Larry D. Adams<br>Assistant United States Attorney<br><br>_____<br>Paul E. Soeffing<br>Special Assistant United States Attorney<br>Md. Fed. Bar No. 025050<br>6625 United States Courthouse<br>101 West Lombard Street<br>Baltimore, Maryland 21201-2692<br>410-209-4800<br><br>Attorneys for Defendant |

APPROVED this ___ day of _____, 2002.

_____
BETH P. GESNER
United States Magistrate Judge